**Jack SHAFFER and Jennifer Shaffer Plaintiffs**

v.

**FORD MOTOR COMPANY Defendant**

**Farmers Insurance Group Intervenor**

No. CIV.03–2210.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Oct. 20, 2004.

David O. Kemp, Jason M. Palculict, N. Jackson Thorp, Dallas, TX, for Plaintiffs.

Jerry Sallings, Little Rock, AR, for Defendant.

Brian W. Ray, R. Todd Wooten, Plymouth, NH, for Intervenor.

### ORDER

DAWSON, District Judge.

Currently before the Court is Defendant's Motion to Dismiss Based upon Spoliation of Evidence or, in the Alternative, Motion in Limine to Exclude Evidence Pertaining to the Cause and Origin of the Fire. (Doc. 32.) Defendant states Plaintiffs and Plaintiffs' representatives engaged in clean-up and removal of evidence of fire damage before Defendant had the opportunity to conduct an inspection. For the reasons stated below, Defendant's motion is DENIED.

### A. Background

On January 17, 2003, a fire occurred in the garage of the residence of Plaintiffs in Ozark, Arkansas. (Doc. 1 Ex. A; Complaint ¶ 4.) The Shaffer's home, including the garage, was a "total loss." (Doc. 38 Ex. 3 and 4; Jack Shaffer Aff. ¶ 3 and Jennifer Shaffer Aff. ¶ 5.) Following the fire, Nancy Combs, insurance adjuster for the Shaffer's homeowner's insurance policy with Shelter Insurance Company (hereinafter "Shelter"), inspected the scene, and Shelter elected to hire a "fire cause and origin expert." (Doc. 32 ¶ 2 and Doc. 38 p. 1.) David Dallas, the "fire cause and origin expert," investigated the scene on January 28 and 29, 2003. (Doc. 38 p. 2.) While investigating the fire scene, Dallas rearranged and moved debris and other remains during the process of ascertaining the source of the fire. (Doc. 32 ¶ 3 and Doc. 38 p. 3.) He also photographed the scene before and after removal of certain items. (Doc. 38 Ex. 1; Dallas Aff. ¶ 7.) Dallas identified the source of the fire as Plaintiff's Ford Excursion automobile in the garage. (Doc. 38 Ex. 8; Dallas Dep. p. 45.) Once he observed "arcing" in the wiring associated with the car battery, he ceased any further investigation of the automobile. (Doc. 38 Ex. 8; Dallas Dep. p. 109.)

Following the expert's report, Shelter, on behalf of Plaintiff, notified Ford Motor Company (hereinafter "Ford") by letter dated February 5, 2003 of its potential claim against Ford. (Doc. 32 Ex. G.) In the letter, Shelter informed Ford the Plaintiffs would preserve the scene of the fire and suspend all removal and repair efforts until February 25, 2003. On February 7,

962

2003, Ford sent a response to Shelter's notice of claim letter advising "all necessary steps should be taken to ensure that the subject vehicle and all of its component parts are maintained and preserved for trial." (Doc. 38 Ex. 5; Kemp Aff. Ex. C.)

On February 11, 2003, Ford's investigator, Newell Investigative Services, Inc. (hereinafter "Newell"), contacted Shelter's counsel to conduct a fire scene investigation on February 27, 2003. (Doc. 38 Ex. 4; Kemp Aff. Ex. B.) Shelter and Newell eventually agreed on March 4, 2003 as the date for the investigation, and Newell conducted the investigation on that date. (*Id.*) Acting through its employee, Larry Helton, Newell focused only on investigating the automobile as the potential source of the fire and not upon Plaintiff's residence, garage, or overall fire scene. (Doc. 38 Ex. 2; Wm. Ford Aff. ¶ 6.)

**B. Discussion**

■ Defendant alleges Shelter's "fire cause and origin expert" caused the evidence of the fire in Plaintiff's garage to become unavailable, significantly altered, and contaminated. (Doc. 33 p. 3.) As a result, Defendant argues it "has been deprived of a meaningful opportunity to examine the evidence crucial to the case and, therefore, is unable to properly defend this action." (Doc. 33 p. 3.) The Court disagrees.

■ In determining whether evidence has been destroyed or made unavailable for the sake of trial, a district court has broad discretion. *See Sylla–Sawdon v. Uniroyal Goodrich Tire Co.*, 47 F.3d 277, 280 (8th Cir.1995). Further, a district judge has inherent power to impose sanctions on a party for destruction of evidence. *See Dillon v. Nissan Motor Co.*, 986 F.2d 263, 269 (8th Cir.1993). Sanctions are appropriate when the destruction of evidence in question prejudices the opposing party. *See id.* at 267. The issue in

this case is whether the efforts taken by Shelter to investigate the fire scene prejudiced Defendants.

The facts reflect Plaintiffs' "fire cause and origin expert" followed acceptable and preferred methods for investigating a fire scene. Mr. Dallas originally inspected the garage on January 28 and 29, 2003. In investigating the source of the fire, he admittedly removed debris in order to visualize fully the fire patterns on the garage surfaces. (Doc. 38 Ex. 1; Dallas Aff. ¶ 7.) He photographed the scene before and after his investigation. (Doc. 38 Ex. 1; Dallas Aff. ¶ 7.) When Dallas inspected the burned automobile and found "arcing" in the wiring downstream from the battery, he ceased his investigation of the automobile in order to preserve it. (Doc. 38 Ex. 8; Dallas Dep. p. 109.)

Plaintiffs also made the fire scene available to Defendants for a substantial period of time. Plaintiff's insurer, Shelter, informed Defendant it would keep the fire scene intact until February 25, 2003, which was over one month following the fire. This time period was extended in order to permit Ford time to investigate the scene in the event of litigation before the investigation was rendered improbable because of Plaintiffs' clean-up efforts. Since the home was a "total loss," it is reasonable to anticipate that repairs would begin on the home soon after a fire to enable the Plaintiffs to resume the occupancy of the home. (Doc. 38 Ex. 3 and 4; Jack Shaffer Aff. ¶ 3 and Jennifer Shaffer Aff. ¶ 5.)

Defendant responded by letter dated February 7, 2003 to Plaintiff's notice of claim. In the letter, Defendant only requested Plaintiff maintain and preserve the subject vehicle at the fire scene until Defendant could investigate it. Defendant's investigator, Newell, however, did not attempt any investigation until March 4, 2003. Moreover, once the investigation

by Defendant's investigator started, the inquiry focused solely on the charred automobile and not on the surrounding items. (Doc. 38 Ex. 2; Ford Aff. ¶ 6.)

The Court notes Defendant has not shown how it has been prejudiced. Defendant argues it has been deprived of seeing and examining the "key piece of evidence in this case, the fire scene." (Doc. 32 ¶ 6.) This contention, however, is not consistent with Defendant's earlier interest in the automobile alone. Moreover, Defendant had the opportunity to examine the automobile to determine whether it was the cause of the fire. This issue may be adequately addressed through the remaining causation evidence even if there were any inadvertent destruction or spoliation of the evidence in this case.

Based on the methods used by Mr. Dallas to preserve the fire scene during his investigation, the period of time afforded by Plaintiffs for Defendant's investigation, as well as the lack of any showing of prejudice by Defendants, the Court determines there was no prejudicial destruction of evidence in the case.

## C. Conclusion

Based on the foregoing, the Court determines there was no prejudicial destruction of evidence by Plaintiffs or their representatives. Defendant's motion is, therefore, DENIED.